(92 South. 199)

**ALABAMA, T. & N. R. CORPORATION v. NORWOOD & CAMERON FARM & STOCK CO., Inc. (2 Div. 235.)**

(Court of Appeals of Alabama. Nov. 15, 1921. Rehearing Denied Dec. 20, 1921.)

**1. Railroads ⚏103(1)—Required to erect cattle guards at private crossings only on demand.**

Under Code 1907, § 5513, supplanting Code 1896, § 3480, which required railroad companies to erect cattle guards for plantation roads when demanded, and when it is shown that they are necessary, there is no duty to erect cattle-guards and crossings, unless it is shown that they are for plantation roads, that a demand has been made therefor, and that such guards are necessary to prevent stock depredation on the owner's land, and that crossings are necessary for proper use of the land.

**2. Railroads ⚏104(1)—Damages for failure to put up cattle guards recoverable by action under statute.**

To recover for damage to crops by cattle, resulting from failure of a railroad company to put up cattle guards, the proper action is not for negligently failing to erect a cattle guard, but for failure to erect such guard as required by Code 1907, § 5513, after due notice, or for the penalty thereunder.

**3. Railroads ⚏103(1)—Demand for erection of cattle guard must comply with statute.**

A demand by a proprietor of land through which a railroad track runs for erection by the company of a cattle guard on a plantation road must comply with Code 1907, § 5513, requiring it to show such guard necessary to prevent stock depredations.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by the Norwood & Cameron Farm & Stock Company, Inc., against the Alabama, Tennessee & Northern Railroad Corporation. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The case went to the jury upon the following complaint:

Count 1. The plaintiff claims of the defendant the sum of $100 damages, and avers that the plaintiff is an Alabama corporation engaged in farming and stock raising, and has been for several years and is now in possession of a certain plantation in beat 15 of said county, consisting, among others, of lands lying in sections 7, 8, and 18, township 21, range 3 west, in said county; that the defendant is an Alabama corporation, having operated during the whole of the year 1920 and now operating a railroad in said county, running through said plantation possessed by the plaintiff; that on or about June 7, 1920, the plaintiff made a written demand on said defendant, requesting the erection of a cattle guard at a certain point on said defendant's railroad line where it lies within said plantation, and where such guard was necessary to prevent the depredation of stock on plaintiff's growing crops, and the crossing was necessary for the proper use of the land; that the defendant thereafter refused and failed negligently to erect said guard until on or about the 23d day of July, 1920; that as a proximate result of said negligence, at divers times between said June 7th and July 23d, numbers of cows, steers, and other stock entered at said point where the defendant failed to erect said guard, and went upon the plaintiff's growing crops, and did great injury to the same, by tearing, eating, and trampling down said crops; that by reason of defendant's negligent failure to erect said cattle guard after demand plaintiff has been

put to great expense, labor, and loss of time in trying to keep said stock out of its said fields and preventing still greater depredation upon its crops, all to the damage of the plaintiff.

Count 2. The plaintiff further claims of the defendant the sum of $100 damages, and avers that under the facts set forth in count 1, omitting said demand of June 7, 1920, the defendant, after written demand and erection of a cattle guard on its right of way through plaintiff's said lands, negligently failed to keep said cattle guard in repair, and as a proximate result of said negligence, at divers times between June 7 and July 23, 1920, numbers of cows, steers, and other stock entered and went upon plaintiff's growing crops, and caused the damages to the plaintiff set forth in count 1.

The demand referred to was addressed to the Alabama, Tennessee & Northern Railroad Company, delivered to its section foreman, and read as follows:

Demand is hereby given for the erection of a cattle guard to be placed about 200 yards North of 140-mile post, exact place being agreed upon to Mr. Creel, section foreman. The railroad runs through our pasture, and it is necessary to have a passageway for stock to cross from one side of the railroad to the other.

Yours very truly,
Norwood & Cameron Farm & Stock Co., Inc.,
J. R. Norwood, Geiger, Ala.

Armbrecht, Hand & Meredith and S. M. Johnston, all of Mobile, for appellant.

The defendant was under no duty to erect a cattle guard at the point designated, and therefore the first count was demurrable as failing to show such necessity. Section 5513, Code 1907; 163 Ala. 84, 50 South. 235; 158 Ala. 607, 48 South. 73. The failure to erect the guard was not the proximate cause of the injury to the crops. 125 Ala. 553, 28 South. 14; 146 Ala. 404, 41 South. 17; 149 Ala. 613, 43 South. 359, 10 L. R. A. (N. S.) 801; 200 Ala. 58, 75 South. 410. The defendant was entitled to nominal damages only. 170 Ala. 426, 54 South. 277; authority supra.

Malcolm H. Ivey, of Geiger, and Patton & Patton, of Livingston, for appellee.

The demand was in sufficient compliance with the requirements of section 5513, Code 1907, and placed upon the appellant the statutory duty to erect and maintain the cattle guard. 158 Ala. 607, 48 South. 73; 138 Ala. 487, 35 South. 457.

SAMFORD, J. There was no evidence tending to show negligence in keeping up the cattle guard after its installation, and no evidence of damage to plaintiff after that time. The affirmative charge, as requested, should have been given, and its refusal was error.

[1] The statute in the Code of 1907, section 5513, is materially different from the section as it appeared as section 3480 of the Code of 1896, and construed in Central of Ga. Ry. Co. v. Carroll, 163 Ala. 84, 50 South. 235. In the last-named section railroad companies in this state were required to erect cattle guards upon their railroads in this state and keep them in repair, when the owner of the land through which the roads ran should make demand and show the necessity of the guards. In section 5513, Code 1907, railroad companies are required to put cattle guards and crossings for plantation roads upon such railroad, etc., when the owners of the land or *those in possession* shall make demand upon them or their agents, and "*show that such guards are necessary to prevent the depredation of stock upon his land, and the crossings are necessary for the proper use of the land.*" The railroad company not being required to do this at common law, and the plaintiff's rights being dependent upon a penal statute, which must be strictly construed (Central of Ga. Ry. Co. v. Carroll, supra), it will be observed that the requirement to build cattle guards is not without limitations: (1) The cattle guards and crossings must be plantation roads, either present or prospective. (2) There must be a demand by the owner or person in possession, accompanied by a showing that such guards are necessary to prevent depredation of stock upon his land, and that the crossings are necessary for the proper use of the land. Until this appears by the pleading, the plaintiff has not presented a good complaint, and where the pleading is sufficient, if not followed by adequate proof, would not entitle plaintiff to recover.

[2] Again, the proper action is not for negligently failing to put in the cattle guard, but is an action for damages to plaintiff's crops, by reason of the failure of defendant to erect the cattle guard, as required by the statute, after due notice, or for the penalty as prescribed by statute.

[3] The demand made upon defendant in this case does not follow the statute, and is therefore not sufficient.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.